# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL ANN HEARD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WALMART INC.,<br><br>　　　　Defendant. | Case No.: 1:19-cv-01626 NONE JLT<br><br>ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE<br>(Doc. 17) |

About 75 days ago, the parties reported that, though they had done some written discovery, that had conducted no depositions because they were hoping that the COVID-19 pandemic would pass so they could conduct them in person (Doc. 15). At that time, they contemplated taking two depositions. Id. at 2. They reported also that they were thinking about talking about settlement and plaintiff's counsel would like to extend the case deadlines 90 days to allow them to do this. Id.

In response the Court ordered, "The parties are urged to consider that in-person depositions may not be feasible for quite some time and to investigate alternatives because we may be faced with a new standard for discovery practices into the foreseeable future. Though the Court will accommodate COVID-19 related delays to some extent, still, this case must move forward." (Doc. 16)

Despite this admonition, it appears counsel have done very little toward either resolving the case or moving it forward. (Doc. 17). They have decided on a deposition schedule during which

1

they will take seven depositions over "10-14" weeks. Id. They've agreed that if they cannot hold these depositions in person, they will conduct them via videoconference. Id. They offer no explanation why it will take them 14 weeks to take a mere seven depositions. The Court notes that more than 10 weeks have passed since its May 13 order and there are about three weeks to go before the discovery deadline, meaning there was enough time to take the few depositions they need had they made the effort.[1] In any event, counsel offer no explanation why they haven't taken the depositions or what impediments prevent them from completing them within a couple of weeks. Their hope that the pandemic will pass soon is unsupported by reason.

Counsel have stipulated to amend the case schedule to allow another 75 days to the deadline, citing the COVID-19 pandemic (Doc. 17). Not to minimize the impacts of this situation, but the pandemic alone does not explain the failure to complete non-expert discovery.[2]

///
///
///
///
///
///
///
///

---

[1] The Court has been conducting all civil and criminal hearings, settlement conferences and all other proceedings via video conference for more than four months. The Court is stymied by counsel's unwillingness to more quickly transition to this "new normal." If the Court has managed to do it, it is difficult to fathom why counsel have been so stumped by proceeding in this same fashion.

[2] Counsel argue that because there is no trial date or a district judge attached to this case, there is no impetus for them to move more quickly. Oddly, they ignore the orders **requiring** them to do so (Docs. 13, 16). Indeed, the scheduling order reads, "**The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**" (Doc. 13 at 7-8, emphasis in the original.)

Also, the assertion that they will be prejudiced if the Court does not grant the stipulation fails for two reasons. First, they fail to describe any prejudice the parties will suffer that was not caused by their lack of diligence. Second, if there is any prejudice, it is of their own making. Rather than taking to heart the Court's orders and rather than meeting their obligation to comply with the Court's orders, they have stood nearly idle and allowed their deadline to approach without doing the work their clients need. Once again, their hope that the Court would save them from their own lackadaisical approach to this case, is unsupported by reason.

1 | Likewise, the declarations attached to the stipulation *conclude* that they have acted diligently without detailing any *facts* to support the conclusion. Thus, because the stipulation fails to provide good cause for amendment of the case schedule (Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992); Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999) [The "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ."]), it is DENIED.

IT IS SO ORDERED.

| Dated: **July 28, 2020** | **/s/ Jennifer L. Thurston** |
| --- | --- |
| | UNITED STATES MAGISTRATE JUDGE |