UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL ANN HEARD,<br><br>    Plaintiff,<br><br>    v.<br><br>WALMART, INC.,<br><br>    Defendant. | Case No.  1:19-cv-01626-JLT-BAK (BAM)<br><br>**ORDER VACATING HEARING**<br><br>**ORDER DENYING MOTION TO MODIFY THE COURT'S SCHEDULING ORDER PURSUANT TO FRCP 16(b)(4)**<br><br>(Doc. 44) |

Currently before the Court is Defendant Walmart, Inc.'s ("Defendant") Motion to Modify the Court's Scheduling Order Pursuant to FRCP 16(b)(4).  (Doc. 44.)  Plaintiff Crystal Ann Heard ("Plaintiff") has not filed a timely opposition to the motion, and the Court finds the motion suitable for decision without the need for oral argument.  Accordingly, the hearing on the motion currently set for May 13, 2022, is HEREBY VACATED, and the matter is submitted on the record.  E.D. Cal. L.R. 230(g).

Having considered the briefing as well as the entire record in this case, Defendant's Motion to Modify the Court's Scheduling Order will be denied pursuant to Federal Rue of Civil Procedure 16(b)(4).

///

**I.     Background**

This is a medical condition disability discrimination and wrongful termination of employment action pursuant to the California Fair Employment and Housing Act, and for violations of the California Family Rights Act.  The matter was removed from Kern County Superior Court on November 13, 2019.  (Doc. 1.)

On February 12, 2020, the Court held a Scheduling Conference with the parties. Following the conference, the Court issued a Scheduling Order, which set the following pretrial deadlines:

| | |
|---|---|
| Non-Expert Discovery Deadline: | August 12, 2020 |
| Expert Discovery Deadline: | October 16, 2020 |
| Dispositive Motion Filing Deadline: | December 23, 2020 |

(Doc. 13.)  The Court also set a Mid-Discovery Status Conference on May 8, 2020, with a joint status report due one week prior to the conference, and a Pretrial Conference on March 31, 2021. (*Id.*)  The Court did not set a trial date in light of the ongoing judicial emergency in the Eastern District of California.  (*See* Doc. 9.)

In the Scheduling Order, the Court advised the parties that if they determined at any time that the schedule outlined could not be met, then they must notify the Court immediately so that adjustments could be made, either by stipulation or by subsequent status conference. (Doc. 13 at 7.)  The Court also provided the following warning:

> **The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.**

(*Id.* at 7-8.)

On May 5, 2020, the Court vacated the Mid-Discovery Status Conference based on the parties' failure to file the required joint status report.  The Court directed the parties to file a joint report by May 12, 2020.  (Doc. 14.)

On May 12, 2020, the parties filed a joint status report indicating they had engaged in written discovery, but were continuing depositions, including Plaintiff's deposition, to mutually

2

1 available dates in the future, at a time when the depositions could be conducted in person.
2 They also reportedly had discussed the potential for settlement (via informal resolution or
3 mediation) and plaintiff's counsel suggested a 90-day continuance of the discovery deadline to
4 accommodate the parties' deposition schedule. (Doc. 15.)

5 In response to the joint statement, on May 13, 2020, the Court ordered, "The parties are
6 urged to consider that in-person depositions may not be feasible for quite some time and to
7 investigate alternatives because we may be faced with a new standard for discovery practices
8 into the foreseeable future. Though the Court will accommodate COVID-19 related delays to
9 some extent, still, this case must move forward." (Doc. 16.)

10 On July 28, 2020, the parties filed a stipulation to continue the non-expert and expert
11 discovery deadlines. (Doc. 17.) The Court denied the stipulation, finding that the parties had
12 failed to provide good cause for amendment of the case schedule. (Doc. 20.) The Court noted
13 that despite its admonition to investigate alternatives to in-person depositions and its directive
14 that the case must move forward, it appeared to the Court that counsel had done very little
15 toward either resolving the case or moving it forward. The Court indicated that there had been
16 enough time since its May 13 order to take the few depositions they need had they made the
17 effort. (*Id.* at 1-2.) The Court also observed that it had "been conducting all civil and criminal
18 hearings, settlement conference and all other proceedings via video conference for more than
19 four months" and commented that it was "stymied by counsel's unwillingness to more quickly
20 transition to this 'new normal.,'" and reasoned that "[i]f the Court has managed to do it, it is
21 difficult to fathom why counsel have been so stumped by proceeding in this same fashion."
22 (*Id.* at 2, n. 1.) The Court further indicated that counsel had offered no explanation why they
23 had not taken the depositions or what impediments prevented them from completing them
24 within a couple of weeks, remarking that their hope that the pandemic would pass soon was
25 unsupported by reason. Although counsel had stipulated to amend the case, citing the COVID-
26 19 pandemic, the Court indicated that the pandemic alone did not explain the failure complete
27 non-expert discovery. (*Id.* at 2.)
28 ///

1    Additionally, the Court rejected the parties' argument that because there was no trial date
2 or a district judge attached to the case, there was no impetus for them to move more quickly.
3 Rather, as identified by the Court, the parties ignored the orders requiring them to do so,
4 including the Scheduling Order and its admonishment that dates set in the order were firm and
5 would not be modified absent a showing of good cause. (*Id.* at 2 n. 2.)
6    The Court also rejected the parties' assertion that they would be prejudiced if the Court
7 did not grant the stipulation, reasoning:

> First, [counsel] fail to describe any prejudice the parties will suffer that was not caused by their lack of diligence. Second, if there is any prejudice, it is of their own making. Rather than taking to heart the Court's orders and rather than meeting their obligation to comply with the Court's orders, they have stood nearly idle and allowed their deadline to approach without doing the work their clients need. Once again, their hope that the Court would save them from their own lackadaisical approach to this case, is unsupported by reason.

12 (*Id.*)
13    More than seven months later, in March 2021, the parties sought the Court's assistance
14 with a discovery dispute. (Doc. 24.) Following an informal discovery conference, the Court
15 ordered the deposition of Plaintiff to occur remotely on April 8, 2021.  The Court also ordered
16 the deposition of two former employees to occur remotely on April 13, 2021, and the
17 deposition of the entity to occur remotely on March 19, 2021. (Doc. 27.)  In addition, the Court
18 set deadlines regarding selection of a mediator, directing the parties to file a joint report by
19 April 5, 2021, identifying the mediator and the mediation date.  The Court expressly warned,
20 "**Because all of the case deadlines have passed, the Court will not entertain any further**
21 **discovery disputes, except if the deadlines set here are not met, the Court will entertain a**
22 **motion for sanctions.**"  (*Id.* at 2.)
23    In light of the parties' stated intent to proceed to mediation, the then-assigned district
24 judge continued the pretrial conference from March 31, 2021, to May 6, 2021. (Doc. 29.)
25    On April 5, 2021, the parties filed a joint status report identifying the mediator and a
26 mediation date of July 26, 2021. (Doc. 30.)  Based on the scheduled mediation date, the district
27 judge continued the pretrial conference to September 30, 2021. (Doc. 31.)  Due to the Court's
28 unavailability, the pretrial conference was continued to October 29, 2021. (Doc. 34.)

1    On October 25, 2021, the parties filed a stipulation to continue the pretrial conference to
2 February 18, 2022.  The parties explained that they had participated in mediation on September
3 22, 2021, but the matter did not resolve.  Instead, the parties agreed to complete additional
4 depositions and then participate in a second day of mediation.  The parties remained optimistic
5 that the matter could be resolved without additional judicial resources if permitted to proceed
6 with the depositions and a second day of mediation before attending the pretrial conference.
7 (Doc. 35.)  Pursuant to the parties' stipulation, the district judge continued the pretrial
8 conference to February 18, 2021.  (Doc. 36.)

9    On January 7, 2022, the matter was reassigned from "Unassigned DJ" to District Judge
10 Jennifer L. Thurston.  (Doc. 39.)

11    On February 11, 2022, the parties filed a Joint Pretrial Statement.  In the statement,
12 Defendant identified its intention to seek leave to file a motion for summary judgment and to
13 request that "the Court set a briefing schedule that provides Plaintiff the necessary time to
14 complete (1) the previously ordered depositions and (2) additional depositions needed for the
15 purpose of opposing arguments raised in Defendant's motion for summary judgment, if
16 Plaintiff determines such depositions are necessary." (Doc. 42 at 15-16.)  In addition, the
17 parties indicated that they had agreed to a second day of mediation on July 12, 2022.  (*Id.* at
18 16.)

19    On February 19, 2022, District Judge Thurston held a video conference with the parties.
20 Following the conference, the Court ordered, "Defense counsel shall file a motion for leave to
21 amend current case schedule pursuant to Rule 15 and Rule 16.  Motion shall be filed by
22 4/8/2022 and set before the assigned magistrate judge." (Doc. 43.)

23    Defendant filed the instant motion to modify the scheduling order on April 8, 2022.

24    **II.    Motion to Modify the Court's Scheduling Order**
25        **A.  Legal Standard**

26    District courts enter scheduling orders in actions to "limit the time to join other parties,
27 amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once
28 entered, a scheduling order "controls the course of the action unless the court modifies it." Fed.

R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992), and are "the heart of case management," *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

      Indeed, a scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Accordingly, pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Green Aire for Air Conditioning W.L.L. v. Salem,* No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3 (E.D. Cal. Jan. 6, 2020.) ("Requests to modify a scheduling order are governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure, which provides that a court may modify a scheduling order 'only for good cause.'"). As the Ninth Circuit has explained,

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

      Good cause requires a showing of due diligence. *Johnson*, 975 F.2d at 609; *Sprague v. Fin. Credit Network, Inc.*, NO. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. *Handel v. Rhoe*, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002); *Johnson,* 974 F.2d at 608-609.). The Court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 974 F.2d at 609.  If the party was not diligent, then the inquiry should end. *Id.*

### B. Discussion

      Defendant moves to modify the Scheduling Order for the limited purpose of permitting it

1 to file a motion for summary judgment and/or partial summary judgment. (Doc. 44.) The
2 dispositive inquiry is whether Defendant was diligent in seeking such a modification. In its
3 moving papers, Defendant claims that it acted diligently in seeking modification of the
4 Scheduling Order at the first opportunity after the case was assigned to a District Judge by
5 requesting modification in the Joint Pre-Trial Statement submitted on February 11, 2022, and
6 reiterating that request during the February 18, 2022 pretrial conference. (*Id.* at 3.) Defendant
7 contends that trial is not imminent, there is no trial date, and Plaintiff will not be prejudiced.
8 (*Id.*)

9       The Court finds that Defendant has failed to demonstrate good cause for modification of
10 the Scheduling Order. The dispositive motion filing deadline expired on December 23, 2020,
11 and until February 11, 2022, Defendant made no apparent attempt to request modification of that
12 deadline. The record is replete with warnings and admonishments regarding the parties'
13 obligations to move this case forward and indicating that the dates set in the Scheduling Order
14 were firm and would not be modified absent a showing of good cause. Despite these
15 admonishments, Defendant waited more than a year after expiration of the dispositive motion
16 deadline to seek any form of modification. Defendant's presumptive argument that because
17 there was no trial date or a district judge attached to the case, there was no apparent impetus for
18 it to move more quickly has already been rejected by this Court. (*See* Doc. 20.) Defendant's
19 argument remains equally unpersuasive at this late stage of the proceedings.

20       Further, the declaration accompanying Defendant's motion does not demonstrate
21 Defendant acted with diligence in seeking to modify the dispositive motion deadline. Rather, the
22 declaration of counsel "details that from February 2020 to April 2021, Defendant noticed and/or
23 attempted to schedule Plaintiff's deposition on a least ten (10) occasions," that the then-assigned
24 magistrate judge ordered "Plaintiff's deposition go forward on April 8, 2021," and that
25 Defendant conducted Plaintiff's deposition on April 8, 2021. (Doc. 45, Declaration of Megan A.
26 Mackie, ¶¶ 2-4.) There are no facts included in the declaration indicating any efforts undertaken
27 by Defendant to either meet or modify the dispositive motion deadline. Defendant claims that its
28 noncompliance with the dispositive motion deadline occurred notwithstanding its diligent efforts

to take Plaintiff's deposition, and "Defendant could not have reasonably foreseen that Plaintiff would refuse to appear for her deposition *for almost eleven months*." (Doc. 44 at 8) (emphasis in original).  However, even accepting the delays in completing Plaintiff's deposition, there are no facts supporting the conclusion that Defendant acted diligently after April 8, 2021.  Indeed, Defendant waited more than nine months after completion of Plaintiff's deposition before requesting any relief from the Court.  Given Defendant's failure to meet its burden in establishing it acted with diligence, the Court finds it unnecessary to address Defendant's remaining contentions.  *Johnson*, 974 F.2d at 609.

### III.     Conclusion and Order

For the reasons stated, Defendant's Motion to Modify the Court's Scheduling Order Pursuant to FRCP 16(b)(4) (Doc. 44) is DENIED.

IT IS SO ORDERED.

Dated:   **May 9, 2022**                              /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE